JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY -7 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 563

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ARC FURNACE TRANSFORMER PRODUCT LIABILITY LITIGATION

ORDER

All parties in this litigation have requested that the Panel hold in abeyance a decision on plaintiff Nucor Corporation's motion for transfer under 28 U.S.C. §1407, pending the outcome of settlement discussions among the parties.

IT IS ORDERED that unless the parties report to the Panel in writing by 12 noon Eastern Daylight Time on May 16, 1984, that the parties have reached a written settlement, this docket will remain on the Panel's calendar for hearing on May 17, 1984, in Washington, D.C.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 24 1984

PATRICIA D. _____
CLERK OF THE PANEL

DOCKET NO. 563

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ARC FURNACE TRANSFORMER PRODUCTS LIABILITY LITIGATION

ORDER DENYING TRANSFER*

This litigation consists of one action pending in the District of Nebraska and one action pending in the Northern District of Texas. Presently before the Panel is a motion by the plaintiff in both actions to transfer, pursuant to 28 U.S.C. §1407, the Nebraska action to the Northern District of Texas for coordinated or consolidated pretrial proceedings with the action pending there. Defendants in both actions oppose transfer.

On the basis of the papers filed,[1] we find that Section 1407 transfer would neither serve the convenience of the parties and the witnesses nor further the just and efficient conduct of the litigation. Although we recognize that the actions in this litigation may involve some common questions of fact, given the minimal number of actions before us, we are not persuaded that these factual questions are so complex, or the accompanying discovery so time-consuming, to warrant transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (J.P.M.L. 1969). Furthermore, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to centralize the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

* Judges Robert H. Schnacke and Sam C. Pointer, Jr. took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of these actions was submitted on the briefs. Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

Schedule A

MDL-563 -- In re Arc Furnace Transformer Product Liability
          Litigation

District of Nebraska

NUCOR Corporation v. ASEA, Inc., et al., C.A. No.
    81-0-603

Northern District of Texas

NUCOR Corporation v. ASEA, Inc., et al., C.A. No.
    3-83-0320-D